UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　　　v.<br>$26,742.25.00 IN U.S. CURRENCY,<br>　　　　Defendant.<br>_____<br>GLENN BROWNE,<br>　　　　Claimant. | No. CV 17-03640-CJC (SSx)<br><br>**CONSENT JUDGMENT OF FORFEITURE** |

　　　　Plaintiff and Glenn Browne ("Browne") have made a stipulated request for the entry of this Consent Judgment, resolving this action in its entirety. The defendant currency was seized from Browne, and he has agreed to the forfeiture of $16,742.25 of the $26,742.25 in U.S. Currency. Notice was given and published in accordance with law. Browne's claim was stricken and the government has not received any other claims or answers, and the time for filing claims and answers has expired.

　　　　The Court, having considered the stipulation of the parties, and good cause appearing therefor, **HEREBY ORDERS, ADJUDGES AND DECREES**:

　　　　1.　　The government has given and published notice of this action as required by law, including Rule G of the Supplemental Rules for Admiralty or Maritime Claims and

Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court.  Browne, from whom the defendant currency was seized, has agreed to forfeit $16,742.25.  Browne's claim was stricken and the government has not received any other claims or answers, and the time for filing claims and answers has expired.  This Court has jurisdiction over the parties to this judgment and the defendant currency.  Any potential claimants to the defendant currency other than Browne are deemed to have admitted the allegations of the complaint.  Nothing in this consent judgment is intended or should be interpreted as an admission of wrongdoing by Browne, nor should this consent judgment be admitted in any criminal proceeding against Browne to prove any of the facts relied upon to establish reasonable cause for the seizure of the defendant currency.

2. The proposed judgment further provides that $10,000.00 of the defendant currency shall be returned to Browne, without interest, and shall be paid to Browne no later than forty-five days after the date the Judgment is entered, or the date Browne provides the information described below, whichever is later.

3. If the United States elects to make the payment of the $10,000.00 by check, the check shall be payable to the "Glenn Browne", and mailed to Glenn Browne.  If the United States elects to make the payment by wire transfer, the funds shall be wire transferred to Glenn Browne.  Browne agrees to provide the necessary bank account information for the trust account and his personal identifiers upon request from the United States.

4. The remaining $16,742.00 of the defendant currency shall be forfeited to the United States, together with all interest earned by the government on the total amount of defendant currency, and no other right, title, or interest shall exist therein.

5. The court finds that there was reasonable cause for the seizure of the defendant currency and the institution of this action.  This judgment constitutes a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

///

6. Each of the parties shall bear its own fees and costs in connection with the seizure of the defendant currency and this action.

DATED: June 13, 2019

_____
THE HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Prepared by:

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

 /s/*Michael R. Sew Hoy*
MICHAEL R. SEW HOY

Assistant United States Attorney
Asset Forfeiture Section